OPINION
Defendant-appellant Thomas West was charged with having assaulted a peace officer on October 15, 2000. At some point, West posted bond. On March 26, 2001, the date scheduled for trial, the trial court determined that West was intoxicated, and unable to go forward with the trial. The trial court entered an order revoking West's $5,000 bond, and establishing a bond in the amount of $25,000. West was apparently unable to post the new bond.
A jury trial on May 14, 2001, resulted in West being convicted as charged. The matter was referred for a pre-sentence investigation and report.
On July 5, 2001, the trial court imposed a seventeen-month prison sentence, and established a jail-time credit of seven days. From his conviction and sentence, West appeals.
West's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN THE NUMBER OF JAIL TIME CREDIT DAYS AWARDED TO APPELLANT.
In support of his assignment of error, West contends that the record does not support the trial court's determination that he is entitled to jail-time credit of seven days. The State agrees, confessing error in this regard.
West contends that he is entitled to a credit of 117 days, and that this court should amend the judgment of the trial court accordingly. In the alternative, West contends that this matter should be remanded to the trial court to explain its decision on the jail-time credit.
The State concedes that there is no support in the record for the jail-time credit of seven days. The State cites a previous decision of this court, State v. Webb (June 30, 1999), Greene App. No. 99-CA-11, unreported, for the proposition that where the appellate record is insufficient to support a trial court's finding regarding jail-time credit, the case should be remanded to the trial court to calculate the amount of jail-time credit and to place on the record its factual findings regarding its calculation.
We accept the State's confession of error, and we agree with the State's proposed remedy. As the State notes in its brief, it may be that during part of the time that elapsed before West's sentence, he was incarcerated for reasons unrelated to the charge upon which he was convicted in this case.
West's sole assignment of error is sustained. The judgment of the trial court is Reversed, and this cause is Remanded for re-sentencing after re-determining the proper jail-time credit.
WOLFF, P.J., and BROGAN, J., concur.